**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON DE EDWARDS, M.D.,

    Plaintiff,

    v.

INTERNAL REVENUE SERVICE, et al.,

    Defendants.
_____/

No. C 04-5025 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendants Internal Revenue Service and United States of America to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

**BACKGROUND**

Plaintiff Sharon De Edwards is a physician in private practice. She filed this action on November 29, 2004, against the Internal Revenue Service ("IRS"), seeking declaratory and injunctive relief, and also seeking damages. Plaintiff alleges that prior to 1997, she owed

approximately $78,000 in federal taxes, penalties, and interest. She claims that starting in 1997 the IRS began levying on her bank accounts and on health plans that owed her money for professional services, without providing her with a deficiency notice prior to each assessment, in violation of 26 U.S.C. §§ 6212(a) and 6313(a).[1] She asserts that as of the time of the filing of the complaint, the IRS had executed levies in the amount of $196,029.80.

She alleges that the IRS has refused to stop the levies, despite the fact that the amount collected now exceeds the amount of her tax liability, and despite the fact that she has requested on numerous occasions that the levies cease. She claims that the IRS has also refused to provide her with an accounting of how the money collected has been applied.

Defendants seek an order dismissing the complaint for lack of subject matter jurisdiction.

**DISCUSSION**

A.   Legal Standard

The term "subject-matter jurisdiction" refers to the court's authority over the category of the claim in suit. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). It must be established as a threshold matter, inflexibly and without exception. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). The burden of establishing federal jurisdiction rests on the party seeking to invoke it. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

Federal district courts are courts of limited jurisdiction. In most cases, there must be both constitutional and statutory authority for a federal court to act. Id. When suit is brought against the United States, an additional threshold question arises – that is, whether the action is barred by sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Without a waiver of that immunity, there can be no jurisdiction over the claim in any court. Id. Moreover, when the United States consents to be sued, the terms of its waiver of sovereign immunity

---

[1] The court interprets this as a reference to § 6213(a), not § 6313, which has no subsection (a), and no apparent relevance to the claims asserted in the complaint herein.

precisely define the extent of the court's jurisdiction. <u>United States v. Mottaz</u>, 476 U.S. 834, 841 (1986).

B.  Defendants' Motion

Defendants submit that plaintiff's intent, as reflected in the complaint, is to seek damages from the IRS and from the United States. They argue, however, that the IRS must be dismissed from the case because it lacks the capacity to be sued.

Defendants also assert that the claims against the United States should be dismissed because plaintiff fails to allege any waiver of the United States' sovereign immunity, because plaintiff failed to file an administrative claim for a refund pursuant to the Internal Revenue Code, because the federal courts lack jurisdiction over any suit seeking a declaratory judgment with respect to federal taxes, and because plaintiff's suit does not fall within the exceptions to the Anti-Injunction Act.

Plaintiff concedes that the court lacks subject matter jurisdiction, and requests, in lieu of dismissal, that the court transfer the action to the United States Tax Court, pursuant to 28 U.S.C. § 1631.

The government is correct in arguing that the IRS has no capacity to be sued. <u>See</u> <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514 (1952). Thus, the proper party in this litigation is the United States. To be amenable to suit, the United States must waive its sovereign immunity. Under 28 U.S.C. § 1346, district courts have original jurisdiction, concurrent with the United States Court of Federal Claims, of

> any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). This provision waives the sovereign immunity of the United States to permit suit for the recovery of taxes which have been erroneously collected.

However, this provision is subject to additional jurisdictional prerequisites. For example, "[n]o suit [for refund] . . .  shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of

3

law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).  Another jurisdictional prerequisite is that the challenged tax assessment must be paid in full.  See 28 U.S.C. § 1346(a)(1); Flora v. United States, 362 U.S. 145, 150-51 (1960) (assessment must be paid in full before income tax refund suit can be maintained in federal district court); see also PCCE, Inc. v. United States, 159 F.3d 425, 428-29 (9th Cir. 1998) (district court lacked jurisdiction over plaintiff's refund claim because assessment was not paid in full).

Section 1346 must also be read in conjunction with 26 U.S.C. § 7421, known as the "Anti-Injunction Act," which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  In other words, an aggrieved taxpayer must file a suit for a refund, rather than seek an injunction. Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962).

Defendants assert, and plaintiff does not dispute, that she did not file an administrative claim for a refund and did not pay the disputed taxes and penalties in full before bringing suit. Absent compliance with these two requirements before instituting suit, this district court lacks subject-matter jurisdiction.  Therefore, this suit must be dismissed.

Plaintiff argues that defendants argue in their motion to dismiss that "this matter properly belongs in Tax Court." The court has reviewed defendants' papers carefully, and finds no such assertion.

Plaintiff also claims that she has "presented evidence" of "mis-allocation of corporate funds on the part of the defendant;" of "duplicate separate filing of 1040 tax return by the defendant allegedly on behalf of [p]laintiff, even though [p]laintiff had already filed joint 1040 tax returns for the same year;" of "filing inflated 941 tax returns allegedly on behalf or [sic] the corporation;" and of "the defendant's failure to account for all the funds it received by way of levies."  None of this "evidence" is before the court, as plaintiff filed a two-page "request to transfer" with no supporting exhibits, declarations or other "evidence." In any event, plaintiff does not explain how the "evidence" would establish that a transfer of this case would be

4

proper.

Plaintiff contends that the only considerations for the court in ruling on a § 1631 motion to transfer are whether the action was timely filed and whether a transfer would be in the interests of justice.  However, the Ninth Circuit has held that transfer is appropriate under § 1631 if (1) the transferring court lacks jurisdiction, (2) the transferee court could have exercised jurisdiction at the time the action was filed, and (3) the transfer is in the interest of justice.  Arreola-Arreola v. Ashcroft, 383 F.3d 956, 964 (9th Cir. 2004).  Plaintiff has made no showing that transfer is warranted under this standard.

As is true with all federal courts, the Tax Court is a court of limited jurisdiction. Jurisdiction of the Tax Court is governed by the Internal Revenue Code.  26 U.S.C. § 7442.  The Tax Court's jurisdiction is generally limited to redetermining deficiencies in income taxes, estate and gift taxes, and certain specified excise taxes that are subject to deficiency procedures.  See 26 U.S.C. §§ 6212, 6213, 6214.  Plaintiff did not file this action as an appeal of the IRS' final notice and determination of a deficiency.  Instead, she alleged that the IRS executed the levies without providing a deficiency notice, prior to each assessment, claiming that this asserted failure to provide deficiency notices violated §§ 6212(a) and 6213(a).[2]  Moreover, plaintiff filed this action in her individual capacity, while the relief she seeks is directed toward the federal employment tax liabilities of her corporation and her sole proprietorship.

## CONCLUSION

The court finds that defendant's unopposed motion to dismiss must be GRANTED. Plaintiff's request to transfer is DENIED, as she has not met her burden of showing that the action could have been brought in the Tax Court or that interests of justice will be served by transferring the action.

---

[2] However, the liabilities at issue, as shown by the documents attached to the Declaration of Cynthia Stier in support of defendant's motion to dismiss, were for Form 941 and 940 employment taxes, which are exempt from the notice deficiency requirement of § 6212(a).  Section 6212(a) applies to taxes imposed by subtitle A or B or chapter 41, 42, 43, or 44, whereas Forms 941 and 940 taxes are imposed by subtitle C, chapters 21 and 22.  See Miller v. C.I.R., 310 F.3d 640, 644 n.5 (9th Cir. 2002).

5

**IT IS SO ORDERED.**

Dated: December 30, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge